**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kristopher Dorr,

        Plaintiff,

v.                                                 Case No. 10-14090
                                                          Honorable Denise Page Hood

Ford Motor Company and
Mazda Motor Corporation,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE, DEEMING MOOT PLAINTIFF'S REQUEST TO AMEND DOCUMENT, MOTION TO AMEND COMPLAINT, AND MOTION FOR DEFAULT JUDGMENT AND NOTICE OF DISMISSAL IF SERVICE IS NOT MADE WITHIN THIRTY (30) DAYS OF THIS ORDER**

      This matter is before the Court on the Plaintiff's Request to Amend Document **[Docket No. 6, filed November 19, 2010]**, Motion to Amend Complaint **[Docket No. 14, filed March 23, 2011]**, Motion for Alternative Service **[Docket No. 15, filed April 28, 2011]**, and Motion for Default Judgment as to Ford Motor Company **[Docket No. 16, filed May 26, 2011]**. Plaintiff asks the Court to allow him to serve Defendants by alternative means. In addition, he requests that the Court grant him leave to amend his Complaint and grant a default judgment against Defendants for damages and injunctive relief. For the reasons stated below, the Court DENIES Plaintiff's Motion for Alternative Service and deems Plaintiff's remaining requests MOOT.

      Service may be made in accordance to state law where the district court sits. Fed. R. Civ. P. 4(e)(1). Michigan Court Rule 2.105(D) lists several methods of service on a private

corporation.[1]  If service cannot be effectuated, Rule 2.105(I) allows the court to "permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MICH. CT. R. § 2.105(I). The request for alternative service must be made by verified motion dated no more than 14 days before it is filed. *Id.* The motion must provide sufficient facts that the defendant cannot be served and provide the defendant's current or last known address or that its address is unknown. *Id.* If the name or address of the defendant is not known, the plaintiff must provide facts showing his diligent inquiry to determine the defendant's address or name. *Id.*

Plaintiff has failed to show that he is entitled to alternative service. On October 28, 2010, this Court ordered that the U.S. Marshall Service effectuate service on Defendants. On December 29, 2010, this Court further ordered that Plaintiff provide an address so that service could be made. On January 25, 2011, the U.S. Marshall Service returned service unexecuted because Plaintiff had failed to provide the correct name or building. Plaintiff, in an unverified motion, noted that he provided the same address for Defendants as provided in Case No. 10-13822. Plaintiff provided no further addresses nor described any other attempts to determine the correct address for Defendants. The Court finds that Plaintiff has not demonstrated that he cannot serve Defendants or has made a diligent inquiry into finding an alternative address.

---

[1] "Service of process on a domestic or foreign corporation may be made by
   (1) serving a summons and a copy of the complaint on an officer or the resident agent;
   (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
   (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
   (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division  if
      (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
      (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
      (c) the corporation's term of existence has expired." MICH. CT. R. § 2.105(D).

Pursuant to Federal Rule of Civil Procedure 4, the Court may dismiss an action without prejudice or order that service is made within a specific time if the plaintiff has not completed service within 120 days. Fed. R. Civ. P. 4(m). Plaintiff filed his Complaint on October 12, 2010. This action is well beyond the 120 days required by Rule 4(m). However, given that Plaintiff is *pro se,* the Court will allow Plaintiff additional time to provide an alternative address to the U.S. Marshalls Service so that service can be made. If Plaintiff is unable to complete service within the time specified, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Alternative Service **[Docket No. 15, filed April 28, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request to Amend Document **[Docket No. 6, filed November 19, 2010]**, Motion to Amend Complaint **[Docket No. 14, filed March 23, 2011]**, and Motion for Default Judgment as to Ford Motor Company **[Docket No. 16, filed May 26, 2011]** are deemed **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff must complete service within thirty (30) days from the date of this order.

S/Denise Page Hood
United States District Judge

Dated:  November 28, 2011

I hereby certify that a copy of the foregoing document was served upon Kristopher K. Dorr, 14633 Plymouth Road, Unit 39, Detroit, MI 48227 and counsel of record on November 28, 2011, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager